ON REHEARING
En Banc.
SAVOY, Judge.
We granted a rehearing in the instant case because some of the members of this' Court felt that our original majority opinion might be in conflict with the holding in Home Beverage Service v. Baas, 210 La. 783, 28 So.2d 481.
As the majority of this Court understands the Home Beverage Service case, supra, it follows the almost universally accepted jurisprudence that even though a trade name is merely descriptive of a business or a geographical area or feature, so that as a general rule such a trade name could not be monopolized in that particular market area, it is likewise true that where, through long use over a period of years, such a trade name has acquired a secondary meaning identifying it in the minds of the people in that market area with the plaintiff’s particular business, the plaintiff may enjoin the use of such a name by another where -such use would constitute unfair competition. The court in the Home Beverage case, supra, held that under the particular facts of that case the defendant was not guilty of unfair competition in us *573 ing the name “Victory Home Beverage Service”. The court pointed out that 95% of the orders received for beverages were received by telephone and that the two names would appear in different parts of the phone book. The court also noted that the signs on the delivery trucks and on the place of business clearly showed the word “Victory” which should not confuse the public and lead it to believe that the two businesses were the same.
In the present case the evidence shows that because “Lake Auto Parts” is so similar to “Lake Auto Supply” there was considerable confusion among the people living in the area as to whether this was the same business. We think this was the logical and probable result of the similarity of these two names, and that such confusion will probably continue in the future despite the suggestion that there was no evidence to show there had been any actual damage to plaintiff’s business or confusion in the two names for several months before this suit was tried.
 In the instant case there is no contention made by- able counsel for defendant that the plaintiff must show some intentional fraud, deceit or misrepresentation. There are several Louisiana cases which hold squarely, following the general rule in other states, that proof of fraudulent intent is not required where the necessary and probable consequence of defendant’s trade name is to deceive the public and pass off his business as that of the plaintiff. See Williams v. Ferguson, (La.App., 2 Cir., 1958), 104 So.2d 267, and the many cases cited therein. Furthermore, we find no authority to support any argument that the plaintiff must show he has actually lost business.
A general discussion of the nature and purpose of the doctrine of unfair competition is set forth in 87 C.J.S. TradeMarks, Trade-Names, And Unfair Competition § 14, p. 246. As we understand it, the essence of unfair competition is that no one by the use of the same or a very similar trade name or by other conduct has the right to deceive a prospective purchaser into believing that he is buying the goods of another. A merchant does not have the right to avail himself of another’s favorable reputation in order to sell his own goods. It is a matter of common business integrity.
In the instant case we cannot understand why Mr. Brown chose to use the name so similar to the trade name of the plaintiff if he did not want to deceive prospective purchasers. Furthermore, it is immaterial whether he actually intended to deceive the public or not because the public actually was deceived and confused, and we think this confusion will continue. Both the plaintiff and defendant are selling automobile parts and supplies at wholesale and retail in the same market area.
For the reasons herein assigned, our original opinion and decree are hereby reinstated and made the- final judgment of this Court.
Original decree reinstated.